Beth S. Rose
Vincent Lodato
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102
Phone: (973) 643-7000
Facsimile: (973) 643-6500

*Attorneys for Defendant*
*Amazon Fulfillment Services, Inc.*
*And Amazon.com, Inc.*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

| | | |
|---|---|---|
| CHARLES NELSON and THERESA STILLWELL, | : | Civil Action No._____ |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | **NOTICE OF REMOVAL** |
| -against- | : | |
| | : | |
| AMAZON FULFILLMENT SERVICES, INC., | : | *(Document Electronically Filed)* |
| AMAZON, INC., DOE CORP. 1 D/B/A | : | |
| SUNNEAR, JOHN DOES 1-10, and DOE CORP. | : | |
| 2-10, | : | |
| | : | |
| Defendants. | | |

------------------------------------------------------------ X

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF NEW YORK**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446,

Defendants Amazon.com, Inc. (improperly pled as "Amazon, Inc.") and Amazon

Fulfillment Services, Inc. (collectively "Amazon") hereby remove the above-captioned

action from the Supreme Court of the State of New York, Suffolk County, to the United

States District Court for the Eastern District of New York, because there is complete

diversity of citizenship and the amount in controversy exceeds $75,000.

## I.      INTRODUCTION

This lawsuit involves an e-cigarette battery that Plaintiff Charles Nelson allegedly purchased on Amazon.com on March 24, 2018.  On April 1, 2019, Plaintiffs Charles Nelson and Theresa Stillwell filed a civil action captioned <u>Charles Nelson and Theresa Stillwell v. Amazon Fulfillment Services, Inc.</u>, Index No. 606296-2019 ("State Court Action") in the New York Supreme Court, Suffolk County.  Amazon has not yet been served with the Summons and Complaint.  A true and correct copy of the Complaint is attached as Exhibit A. Plaintiff's Complaint alleges that a defect in the e-cigarette battery caused it to explode while in Mr. Nelson's pocket, resulting in burn injuries to Mr. Nelson's leg, including permanent pain, suffering and scarring. The Complaint further alleges that Mr. Nelson incurred medical bills from his injuries and lost time from work.  The Complaint also asserts a loss of consortium claim on behalf of Mr. Nelson's wife, Theresa Stillwell.

## II.     THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332 had Plaintiffs filed this action initially in federal court.  Plaintiffs and Amazon are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.      Complete diversity exists

Plaintiffs Charles Nelson and Theresa Stillwell are individual citizens of the State of New York.  <u>See</u> Compl., ¶¶3-4.  A corporation is a citizen of its state of incorporation and of the state where it has its principal place of business. <u>See</u> 28 U.S.C. § 1332(c)(1). Defendant Amazon.com, Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Washington.  Defendant Amazon Fulfillment Services, Inc. is a corporation

incorporated under the laws of Delaware with its principal place of business in Washington.  In January 2018, it changed its name to Amazon.com Services, Inc.  Amazon.com, Inc. and Amazon Fulfillment Services, Inc. are citizens of Delaware and Washington.  Because Plaintiff and Amazon are citizens of different states, complete diversity exists.

**B.**      **The amount in controversy exceeds $75,000**

The Complaint alleges that the e-cigarette battery was defective and exploded while in Mr. Nelson's pants pocket.  See Compl., ¶ 21. The Complaint also alleges that the explosion burned Mr. Nelson's leg which caused "intense" and "excruciating" pain.  Id. at ¶¶ 22, 24 and 27.  The Complaint further alleges that Plaintiff visited the hospital and received medical treatment for his burn injuries.  Id. at ¶¶ 25-30.  It also alleges that Plaintiff missed several weeks of work as a result of his injuries.  Id. at ¶ 31.  The Complaint also asserts that Mr. Nelson's leg is "disfigured" and has "lasting and permanent nerve and skin damage.  Id. at ¶¶ 33-34.

Although the Complaint does not demand a specific dollar amount in damages, the preponderance of the evidence demonstrates that the matter in controversy exceeds $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1446(c)(2)(B) (requisite amount in controversy may be demonstrated by "preponderance of the evidence"); Food Commercial Workers Union v. CenterMark Properties Meridian Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994).  Courts in this circuit have held that the amount in controversy requirement may be met based upon allegations of "severe" and "permanent" personal injuries that required hospital and medical treatment.  See James v. Gardner, No. 04-cv-1380, 2004 U.S. Dist. LEXIS 23174, at *10-11 (E.D.N.Y. Nov. 10, 2004); In re GM LLC Ignition Switch Litig., No. 14-md-2543, 2015 U.S. Dist. LEXIS 59834, at *313-14 (S.D.N.Y. May 6, 2015). Given the allegations in the Complaint that Plaintiff sustained burns to his leg that caused intense and excruciating pain and resulted in scarring and permanent

3

skin and nerve damage, which affected his daily activities and required hospital and other medical treatment, the amount in controversy is likely to exceed $75,000.  Therefore, removal is appropriate.

## III.   CO-DEFENDANT'S CONSENT TO REMOVAL IS NOT REQUIRED

28 U.S.C. 1441 requires that all defendants formally served in the action consent to removal.  In addition to Amazon, Plaintiffs' Complaint names several fictitious entities as defendants.  Defendants who have not been formally served in the action, and fictitious defendants, are not required to provide consent to removal in order for served defendants to effectuate removal.  See James, 2004 U.S. Dist. LEXIS 23174 at *4-5; Bowen v. Home Depot, No. 01-cv-2411, 2001 U.S. Dist. LEXIS 12100, at *3-4 (E.D.N.Y. Aug. 1, 2001).  Accordingly, consent from the fictitious defendants was not required for Amazon to effectuate removal of this action.

## IV.   VENUE OF REMOVED ACTION

The United States District Court for the Eastern District of New York is the United States District Court embracing the New York Supreme Court, Suffolk County where this action was filed and is pending.  Therefore, venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. § 1441(a).

## V.   NOTICE TO THE STATE COURT

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously served on all parties and filed with the New York Supreme Court, Suffolk County, where this case was originally filed and is currently pending.

WHEREFORE, Defendants Amazon.com, Inc. and Amazon Fulfillment Services, Inc., pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, remove the Action in its entirety from the Supreme Court of the State of New York, Suffolk County, to this Court.

Dated: April 29, 2019                   Respectfully submitted,

                                        _s/ Vincent Lodato_
                                        Beth S. Rose
                                        Vincent Lodato
                                        SILLS CUMMIS & GROSS P.C.
                                        101 Park Avenue
                                        New York, NY 10178
                                        Telephone: (212) 643-7000
                                        Facsimile: (212) 643-6500
                                        brose@sillscummis.com
                                        vlodato@sillscummis.com

                                        _Attorneys for Defendants Amazon_
                                        _Fulfillment Services, Inc. and_
                                        _Amazon.com, Inc._

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 29, 2019, I caused a copy of the within Notice of Removal to be served via first class mail on the following counsel:

J.R. Stevenson, Esq.
Stevenson Marino LLP
75 Maiden Lane, Suite 402
New York, NY 10038
*Counsel for Plaintiffs*

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

*s/ Vincent Lodato*
VINCENT LODATO

Dated: April 29, 2019

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

                                                        Index No.:

CHARLES NELSON and THERESA STILLWELL,

                              Plaintiff,          **TRIAL BY JURY**
                                                  **DEMANDED**

                     -against-

AMAZON FULFILLMENT SERVICES, INC., AMAZON,
INC., DOE CORP 1 D/B/A SUNNEAR; JOHN DOES 1-10,
and DOE CORP. 2-10,

                              Defendants.

## VERIFIED COMPLAINT

1.      Plaintiff Nelson brings this products liability action for damages suffered as a result

of a horrific wound inflicted on him when a battery manufactured, produced, designed, marketed,

sold, and/or otherwise created or distributed by Defendants spontaneously combusted in his

pocket, causing him massive harm from the fire, as well as from subsequent chemical burns arising

from the aftermath of the fire.

2.      Plaintiff Stillwell brings this action for loss of consortium, as a result of the injuries

Plaintiff Nelson sustained as a result of Defendants' actions and/or inactions.

## PARTIES

3.      Plaintiff Charles Nelson is an adult individual residing in Lindenhurst, New York.

4.      Plaintiff Theresa Stillwell is an adult individual residing in Lindenhurst, New

York.[1]

---

[1] Plaintiff Theresa Stillwell is the wife of Plaintiff Charles Nelson and is also known as Theresa
Nelson. Plaintiff Stillwell's legal name, however, is Theresa Stillwell.

1

5.     Defendant AMAZON FULFILLMENT SERVICES, INC. ("Amazon Fulfillment"), is an entity incorporated under the laws of the state of Delaware with headquarters in Seattle, Washington.

6.     Amazon Fulfillment is in the business of, among other things, marketing, distributing, selling, or otherwise introducing electronic cigarettes and/or their constituent components into the stream of commerce in the state of New York and County of Suffolk.

7.     Defendant AMAZON INC. ("Amazon", and together with "Amazon Fulfillment", "Amazon Defendants"), is an entity incorporated under the laws of the state of Delaware with headquarters in Seattle, Washington.

8.     Amazon is in the business of, among other things, marketing, distributing, selling, or otherwise introducing electronic cigarettes and/or their constituent components into the stream of commerce in the state of New York and County of Suffolk.

9.     Defendant DOE CORP 1 D/B/A SUNNEAR ("Sunnear") is a third party seller that sells batteries on Amazon.[2]

10.    Upon information and belief, Sunnear is a foreign corporation incorporated and organized under the laws of the country of China.

11.    Sunnear is in the business of manufacturing, designing, marketing, selling, or otherwise introducing electronic cigarette batteries into the stream of commerce in the state of New York and County of Suffolk.

12.    Defendants JOHN DOES 1-10 are as yet unknown or unidentified individuals in the business of marketing, distributing, selling, or otherwise introducing electronic cigarettes

---

[2] To date, Amazon has refused to provide the legal entity name, address, or phone number of Sunnear.

2

and/or their constituent components into the stream of commerce in the state of New York and County of Suffolk.

13.    Defendants DOE CORP. 2-10 are as yet unknown or unidentified corporate entities in the business of marketing, distributing, selling, or otherwise introducing electronic cigarettes and/or their constituent components into the stream of commerce in the state of New York and County of Suffolk.

## JURISDICTION AND VENUE

14.    Venue is proper in this Court because the damages claimed exceed the jurisdictional maximum of all lower courts, and because Plaintiff resides in and purchased the products relevant to this dispute in Suffolk county, New York.

15.    Defendants are subject to suit in this county because they regularly do business in this state and in this county, and because they actively market to and/or solicit business from residents of New York, such as Plaintiff Nelson.

## BACKGROUND

16.    On or about March 24, 2018, Plaintiff Stillwell purchased an e-cigarette battery ("the Defective Battery"), a product created, designed, built, and distributed by Sunnear.

17.    The purchase was made on Amazon.com, a website owned and/or operated by Amazon Defendants.

18.    The order consisted of 4 SUNNEAR for Samsung INR 18650-25 18650 2500mAh 3.7 Rechargeable Flat Top Batteries for use with a compatible electronic cigarette.

19.    On April 2nd, 2018, Plaintiff was on a golfing vacation with his wife in Arizona at the CopperWynd Resort and Club in Scottsdale, AZ.

3

20.    Plaintiff placed the Defective Battery in his left pants pocket and went to sit outside

on a hotel patio to wait for Plaintiff Stillwell to get ready for dinner.

21.    While sitting on a patio couch, the as yet unused Defective Battery unexpectedly

and without warning, exploded in Plaintiff's pants pocket.

22.    The explosion was so horrific that it ignited his pants and leg on fire and caused

nearby hotel guests to run to him screaming and attempting to help him remove his pants.

23.    Plaintiff was assisted by multiple hotel guests and eventually managed to remove

his pants, and splashed water from a nearby fountain on himself in an attempt to extinguish the

fire and to attempt to cool down his burned leg, while he awaited the paramedics.

24.    Plaintiff recalls shivering uncontrollably despite the warm weather because the pain

from his burns was so excruciating.

25.    Plaintiff was taken to Honor Health SSMC Emergency Department by ambulette.

26.    Plaintiff was administered significant doses of Morphine painkillers while nurses

attempted to scrape the burned skin and treat the wound.

27.    Multiple nurses apologized to him because the Morphine was not helping his pain.

After 30 minutes of treatment the nurses stopped because Plaintiff's pain was too intense.  The

nurses resumed treatment after giving Plaintiff a short break to calm down.

28.    Plaintiff's leg was wrapped in gauze, and he attempted to go back to his hotel to

sleep.

29.    In attempting to follow the doctors' instructions regarding dressing and redressing

his wounds, Plaintiff was in such excruciating pain that he returned to the emergency room at

Honor Health SSMC multiple times where he received intravenous Morphine sedation for pain.

4

30.     When Plaintiff returned home and was examined by his primary care physician and a burn specialist, it was determined that Methadone was the only appropriate pain treatment given the serious nature of his burn.

31.     Plaintiff began wound treatment back home, and was unable to work for several weeks.

32.     In addition to the cost of non-refundable activities and reservations that he was unable to participate in while on his vacation, Plaintiff incurred medical bills including tests, labs, x-rays, and travel to and from doctors and hospitals.

33.     Plaintiff has lasting and permanent discomfort in his leg from the acid burn and explosion burn, including intense itching under the skin, which his doctors have determined will likely be permanent as a result of his nerve endings being burned.

34.     Plaintiff's injuries, in addition to being excruciatingly painful, are also horrifically disfiguring.

## COUNT I: STRICT PRODUCTS LIABILITY (DESIGN DEFECT)

35.     Plaintiff repeats and realleges the foregoing allegations of the Complaint as if fully set forth herein.

36.     Defendants designed, manufactured, distributed, sold, and/or marketed the Defective Battery purchased by Plaintiff.

37.     At all times mentioned herein, Defendants were engaged in the business of, among other things, manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, warrantying leasing, renting, retailing, wholesaling, and advertising the Defective Battery that Plaintiff purchased and used.

5

38.     Specifically, Plaintiff purchased the Defective Battery, manufactured by Sunnear, Inc. and distributed by Amazon, Inc.

39.     Accordingly, Plaintiff is a customer of Defendants.

40.     Plaintiff purchased the Defective Battery designed, manufactured, distributed, sold, and/or marketed by Defendants.

41.     The Defective Battery was designed in a way that was defective, such that it presented a risk of harm to users like Plaintiff who utilized it in the manner and fashion in which it is intended to be used.

42.     The defect in the product was such that it was not known to users like Plaintiff, and was inherent in the design of the product itself.

43.     Defendants knew that consumers would use the Defective Battery as Plaintiff intended to use it.

44.     Defendants knew that consumers would temporarily place the Defective Battery in articles of clothing they were wearing, such as Plaintiff did.

45.     Defendants manufactured, designed, assembled, packaged, tested, fabricated, inspected, marketed, distributed, and sold the Defective Battery with defects in design which made them dangerous, hazardous, and unsafe for their intended and reasonably foreseeable use.

46.     The Defective Battery contained design defects when the Defective Battery were introduced into the stream of commerce by Defendants.

47.     The Defective Battery was defective and unsafe for its intended use. Due to the design defects, the Defective Battery failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

6

48.     Plaintiff was harmed by the defect in the Defective Battery, when it unexpectedly exploded in his pocket, ignited his pants and leg on fire and burned his leg with fire and acid burns.

49.     Plaintiff only used the Defective Battery in the manner in which it was intended to be used, and in fact, was not using it at all when it harmed him.

50.     When the Defective Battery exploded and injured Plaintiff, it was brand new, unused, and loose in his pocket. It was not in an e-cigarette at the time of the explosion, and had not been used at all.

51.     The defects in the design of the Defective Battery were a substantial factor in causing Plaintiff's severe injuries, and Plaintiff's damages as herein alleged.

52.     Plaintiff incurred financial expenses, physical, and emotional injuries as a result of his injuries, and in addition will suffer permanent physical disfigurement of his leg, and permanent discomfort as a result of his injuries.

53.     Plaintiff suffered physical and emotional damages, and is entitled to recovery for such harm, in an amount to be determined at trial.

54.     As a result of the Defective Battery, Plaintiff sustained severe personal injuries, and damages, as alleged herein:

      A.     Plaintiff suffered great mental, physical, and emotional pain, in sums according to proof at the time of trial;

      B.     Plaintiff incurred medical and other damages, in sums according to proof at the time of trial;

      C.     Plaintiff incurred economic losses including loss of earnings in an amount according to proof at the time of trial.

7

55. Defendants are strictly liable to Plaintiff for the injuries complained of herein by reason of having sold and placed into the stream of commerce the Defective Battery, which was unreasonably dangerous to users.

56. WHEREFORE, Plaintiff demands judgment for damages generally against the Defendants, individually, jointly, severally, together with interest and costs of suit.

## COUNT II: STRICT PRODUCTS LIABILITY (MANUFACTURING DEFECT)

57. Plaintiff repeats and realleges the foregoing allegations of the Complaint as if fully set forth herein.

58. Defendants designed, manufactured, distributed, sold, and/or marketed the Defective Battery purchased by Plaintiff.

59. Plaintiff purchased the Defective Battery manufactured by Sunnear, Inc., from Amazon, Inc.

60. Accordingly, Plaintiff is a customer of Defendants.

61. Plaintiff purchased the Defective Battery designed, manufactured, distributed, sold, and/or marketed by Defendants.

62. The Defective Battery was manufactured in a way that was defective, such that it presented a risk of harm to users like Plaintiff.

63. The manufacturing defect in the Defective Battery was unknown to a user like Plaintiff, and was inherent in the manufacturing of the product itself.

64. Plaintiff in fact was harmed by the defect in the Defective Battery when it exploded and burned his leg in a manner that caused permanent nerve damage, disfiguring burns, and likely lifelong discomfort.

8

65.     Plaintiff suffered financial loss, physical and emotional damages, and is entitled to recovery for such harm, in an amount to be determined at trial.

66.     WHEREFORE, Plaintiff demands judgment for damages generally against the Defendants, individually, jointly, severally, together with interest and costs of the suit.

### COUNT III: STRICT PRODUCTS LIABILITY
### (FAILURE TO WARN / WARNING DEFECT)

67.     Plaintiff repeats and realleges the foregoing allegations of the Complaint as if fully set forth herein.

68.     At all times mentioned herein, Defendants were engaged in the business of, among other things, manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, warranting, leasing, renting, retailing, wholesaling, and advertising the Defective Battery that Plaintiff purchased.

69.     Defendants designed, manufactured, distributed, sold, and/or marketed the Defective Battery purchased by Plaintiff.

70.     Plaintiff is a customer of Defendants.

71.     On March 24, 2018, Plaintiff purchased the Defective Battery designed, manufactured, distributed, sold, and/or marketed by Defendants.

72.     Defendants knew that consumers would use the Defective Battery in the manner in which Plaintiff intended to use it.

73.     An ordinary consumer such as Plaintiff would not have recognized the potential risks and dangers inherent in the Defective Battery.

74.     Defendants failed to adequately warn Plaintiff and other similarly situated users about the hazards of the Defective Battery, including as to the possibility of the harms alleged in the Complaint.

9

75.    Nowhere did the online sales page, product, or packaging warn of the risk of explosion of the Defective Battery. There were no warnings indicating the hazards inherent in the Defective Battery.

76.    Even if there had been a warning regarding use of the Defective Battery inside an e-cigarette product, the Defective Battery that injured plaintiff was brand new and unused when it exploded.

77.    Had a proper warning been included, Plaintiff would not have been injured by the product in question.

78.    Plaintiff's injuries were thus directly caused by Defendants' collective failure to include an adequate warning as to the risk of harm to users of the Defective Battery.

79.    Plaintiff in fact was harmed by the Defective Battery and the Defendants' collective failure to warn as to the hazards of the same.

80.    Plaintiff suffered physical and emotional damages, and is entitled to recovery for such harm, in an amount to be determined at trial.

81.    As a result of Defendants' failure to warn, Plaintiff sustained severe personal injuries, and damages as alleged herein:

A.    Plaintiff suffered great mental, physical, and emotional pain, in sums according to proof at the time of trial;

B.    Plaintiff incurred medical and other damages, in sums according to proof at the time of trial;

C.    Plaintiff incurred economic losses including loss of earnings in an amount according to proof at the time of trial.

10

82. WHEREFORE, Plaintiff demands judgment for damages generally against the Defendants, individually, jointly, severally, together with interest and costs of the suit.

## COUNT IV: NEGLIGENCE

83. Plaintiff repeats and realleges the foregoing allegations of the Complaint as if fully set forth herein.

84. Defendants negligently, recklessly, and carelessly manufactured, fabricated, designed, assembled, distributed, sold, inspected, warranted, and advertised the Defective Battery such that it was not only dangerous and unsafe for their intended and/or reasonably foreseeable use, but it was also dangerous brand new and unused.

85. Plaintiff is a customer of Defendants.

86. Plaintiff purchased the Defective Battery designed, manufactured, distributed, sold, and/or marketed by Defendants.

87. Defendants owe Plaintiff a duty to provide products that are reasonably safe for the intended use.

88. Defendants breached that duty when they produced a product that was capable of and in fact did explode in Plaintiff's pocket, such that Plaintiff was severely injured by the same.

89. Defendants failed to exercise the amount of care in the design, manufacture, and sale of the Defective Battery, that a reasonably careful manufacturer, designer, seller, wholesaler, or distributor would have used in similar circumstances to avoid exposing others to a foreseeable risk of harm.

90. Defendants knew or reasonably should have known that the Defective Battery was dangerous when used or misused in a reasonably foreseeable manner, or when not being used.

11

91.    Defendants knew or reasonably should have known that users would not realize the danger of explosion and/or fire when using or simply carrying the Defective Battery.

92.    But for Defendants' provision an unsafe product capable of injuring Plaintiff, Plaintiff would not have suffered injuries.

93.    Defendants failed to adequately warn of the dangers of explosion and/or fire.

94.    A reasonable manufacturer, designer, seller, wholesaler, or distributor in similar circumstances would have warned of the danger, or instructed on safe use and handling of the product.

95.    As a proximate result of Defendants' negligent conduct, Plaintiff suffered injuries as previously alleged.  The negligence of Defendants was a substantial factor in causing the explosion, fire, and serious injuries to Plaintiff, as previously alleged.

96.    Plaintiff was severely injured by the Defective Battery designed, manufactured, distributed, sold, and/or marketed by Defendants.

97.    Plaintiff suffered physical and emotional damages, and is entitled to recovery for such harm, in an amount to be determined at trial.

98.    WHEREFORE, Plaintiff demands judgment for damages generally against the Defendants, individually, jointly, severally, together with interest and costs of suit.

### COUNT V: LOSS OF CONSORTIUM

99.    Plaintiffs repeat and reallege the foregoing allegations of the Complaint as if fully set forth herein.

100.    As a proximate result of the injuries and losses sustained by Plaintiff Charles Nelson, his wife Theresa Stillwell has been and will continue to be deprived of his companionship, affection, society, consortium, comfort, marital relations, services and support.

101.    Plaintiff Theresa Stillwell has rendered and will for the indefinite future be required to render nursing care, medical care, and other services to her husband in connection with and due to his injuries.

**WHEREFORE** Plaintiff demands trial by jury and damages in an amount to be determined at trial, including, but not limited to:

a.  General damages;

b.  Special damages;

c.  Consequential damages;

d.  Compensatory damages;

e.  Punitive damages;

f.  Costs of suit;

g.  Past and future medical expenses;

h.  Lost wages, earning, and other profits;

i.  Pre- and post-judgment interest; and

j.  For such other and further relief as the Court deems just and proper.

Dated: New York, New York
        April 1, 2019

STEVENSON MARINO LLP
Attorneys for Plaintiff


By: ___s/J.R. Stevenson_____
            J.R. Stevenson

Justin R. Marino
75 Maiden Lane, Suite 402
New York, New York 10038
Tel: (212) 939-7588
Fax: (212) 531-6129
Email: jrs@stevensonmarino.com

13

Case 2:20-cv-02308-JMA-AYS Document 1 Filed 04/23/19 Page 21 of 22 PageID #: 21

### *INDIVIDUAL VERIFICATION*

STATE OF NEW YORK    )

                     ss.:

COUNTY OF SUFFOLK    )

I, the undersigned, being duly sworn, depose and say: I am a Plaintiff in the action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

X _____

CHARLES NELSON

Sworn to before me this
1 day of ~~March,~~ 2019
              APRIL

X _____
NOTARY PUBLIC

ROSA M CALLEGATI
Notary Public - State of New York
NO. 01CA6329882
Qualified in Suffolk County
My Commission Expires Aug 31, 2019

*INDIVIDUAL VERIFICATION*

STATE OF NEW YORK       )

                                      ss.:

COUNTY OF SUFFOLK    )

I, the undersigned, being duly sworn, depose and say: I am a Plaintiff in the action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

X _____
THERESA STILLWELL

Sworn to before me this
29 day of March, 2019

X _____
NOTARY PUBLIC

CRAIG M ZUCKERWISE
Notary Public, State of New York
Reg. No. 01ZU6374932
Qualified In Suffolk County
Commission Expires MAY 07, 2022